**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| ANDREW WILLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 20-CV-1736 |
| v. ) | |
| ) | |
| THE HARRIS COUNTY DISTRICT ) | |
| ATTORNEY, in her official capacity, ) | |
| ) | |
| Defendant. ) | |

**STATEMENT IN RESPONSE TO COURT ORDER**

This Court has ordered Plaintiff Andrew Willey to "give the court a non-legalistic statement describing the nature of his outreach to indigent criminal defendants. The statement must be precise, brief, and supported by factual data." Doc. 24. Willey objects to this Court's order (as described below) on the grounds that it is not directed at elucidating relevant facts and calls for information protected by attorney–client privilege. Nonetheless, in an effort to expedite the resolution of this matter and to provide the Court the most thorough information reasonably available, Willey submits this factual statement, without waiving objections to this Court's order.

**I.    Factual Statement**

Beginning in January, 2020, Willey, acting in his private capacity as a volunteer attorney, or volunteers acting on his behalf, planned to meet with 41 people currently represented by court-appointed attorney Jerome Godinich. By the time Willey began attempting to contact people, one person had pleaded guilty, and another had been appointed new counsel. Of the remaining 39 people, nine of them declined to meet with Willey or answer the questionnaire, and eight of them Willey had not yet contacted by the time he was threatened with prosecution.

Willey or his volunteers ultimately communicated with 22 people who had Mr. Godinich as their court-appointed lawyer about the representation they were receiving. After first ensuring that they were dissatisfied with their court-appointed attorney and that they wanted aid in seeking new appointed counsel to preserve their sixth amendment rights, Willey's volunteers presented these people with a questionnaire (Exhibit A) inquiring whether their attorney had completed basic defense tasks. Depending on the prospective clients' answers to the questionnaire, Willey offered a limited-scope representation agreement (Exhibit B), free of charge, for the purpose of filing a motion challenging the Constitutional effectiveness of the clients' current lawyers and requesting the appointment of different lawyers to be identified by the court. Willey was unable to file these motions before his project was halted by threats of prosecution, including the State's appearance

1

at multiple hearings in state district court whose purpose was to assess the contents and propriety of Willey's conduct.[1]

Since the filing of this case, Willey has begun the process of closing his private practice so that he may take a position as full-time CEO of Restoring Justice, a non-profit organization. This organization is not a party to this case. Although this is not relevant to the case, this organization is in full compliance with Internal Revenue Service regulations regarding non-profit organizations. *See* IRS, *Tax-Exempt Organization Search*, https://apps.irs.gov/app/eos/ (search: EIN 81-3279488) (listing Restoring Justice, of Houston, Texas, as public charity currently eligible for tax-deductible contributions).

If he were not threatened with prosecution, Willey would continue his project as described above. Because he is in fact threatened with prosecution, Willey cannot do the work he wishes to do and that he has a right to do. Willey is currently forced to suspend his efforts to directly contact people represented by overburdened attorneys. As a result, Willey's project is actively being frustrated by Texas's unconstitutional barratry statute.

## II.     Objections

Willey offers the foregoing statement without waiving his objections to this Court's order that he do so. Willey objects on two grounds: First, this Court is without authority to order Willey to produce additional information because none of that information is relevant to an issue properly before the Court as those issues are presented by the parties. Second, this Court's order calls for material protected by the attorney–client privilege.

---

[1] The Defendant has affirmed to this Court that Willey has reason to fear prosecution. Transcript of Hearing, Aug. 3, 2020 at 11 ("And we have raised this specific issue with the District Attorney as to whether she wants to waive her prosecutorial discretion to prosecute these matters, and she wants to reserve that right as is accorded to her under the Texas Constitution and state law.").

*First*, the arguments made and facts presented in federal civil litigation challenging the constitutionality of state statutes are matters to be determined by the parties, not the Court. *See City of Los Angeles v. Patel*, 576 U.S. 409, 430 (2015) (Scalia, J., dissenting on other grounds) ("If a plaintiff elects not to present any case-specific facts in support of a claim that a law is unconstitutional . . . he will *limit* the grounds on which a Court may find for him to highly abstract rules that would have broad application in future cases." (emphasis added)). The parties in this case agree that Mr. Willey's intended conduct potentially violates at least one interpretation of the Texas barratry statute; that Mr. Willey has adequately alleged a material harm to his ongoing interests, sufficient to justify a preliminary injunction if that statute is unconstitutional; and that the statute is unconstitutional unless it survives strict scrutiny as applied to *any* attorney seeking to solicit clients for non-pecuniary purposes. None of the information requested by this Court is relevant to the question whether it has Article III jurisdiction to hear this case, which is uncontroversial in light of the District Attorney's express reservation of her right to prosecute the challenged statute and the uncontested chilling effect that this statute has on Willey's protected expression. The only question before this Court is whether Texas's barratry statute is unconstitutional as applied to attorneys soliciting represented parties for purposes other than pecuniary gain to advise the parties on violations of their constitutional rights. Further elucidation of facts beyond those pleaded in the complaint is improper.

*Second*, any detail regarding Willey's communication with prospective clients beyond what he has just provided would intrude on the attorney–client privilege those people enjoy. Willey's communications with these people are privileged whether or not they ultimately retain him. *In re Auclair*, 961 F.2d 65, 69 (5th Cir. 1992) ("[C]ommunications made in the course of preliminary discussions with a view to employing the lawyer are privileged . . . .") (quoting

3

*McCormick on Evidence* § 88 (3d ed. 1984)). Accordingly, Willey may not disclose the substance of those communications to the Court without violating the privilege of his prospective clients. Although the fact that Willey communicated with these individuals is not necessarily privileged, Willey has already disclosed to the Court above—and indeed pleaded in the Complaint—the fact that he communicated with these individuals and the general subject matter of those communications. Willey believes that he has now disclosed the facts underlying this matter to the Court in as much specificity as he can without violating attorney–client privilege.

Respectfully submitted,

*/s/ Charles Gerstein*
Charles Gerstein
*Attorney in Charge*
(S.D. Tex. Bar No. 2998395)
Civil Rights Corps
1601 Connecticut Ave. NW, Suite 800
Washington, DC 20009
charlie@civilrightscorps.org
(202) 894-6128

*/s/ Nathan Fennell*
Nathan Fennell
(S.D. Tex. Bar No. 3547280)
Texas Fair Defense Project
314 E Highland Mall Blvd, Suite 204
Austin, TX 78752
nfennell@fairdefense.org
(512) 637-5220

4