# United States Court of Appeals for the Fifth Circuit

United States Courts
Southern District of Texas
FILED
*December 31, 2020*
David J. Bradley, Clerk of Court

United States Court of Appeals
Fifth Circuit
**FILED**
December 9, 2020
Lyle W. Cayce
Clerk

No. 20-20495
Summary Calendar

ANDREW WILLEY,

                *Plaintiff—Appellant*,

*versus*

HARRIS COUNTY DISTRICT ATTORNEY,

                *Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
No. 4:20-CV-1736

Before KING, SMITH, *and* WILSON, *Circuit Judges*.
PER CURIAM:*

 Attorney Andrew Willey brought this civil rights action against the district attorney, seeking injunctive relief against her enforcement of the Texas barratry statute, specifically Texas Penal Code § 38.12(d)(2)(B), alleging an unconstitutional restraint on Willey's First Amendment rights. The

---

 * Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

district court conducted a hearing on August 3, 2020, stating that it might need additional information. Four days later, Willey both responded to the court's request for more information and moved for the judge's recusal. On August 28, 2020, Willey filed a supplemental memorandum in support of an injunction. Although the district court has not yet ruled on the request for injunction, Willey, on September 21, 2020, filed the instant notice of appeal "from [the district] Court's denial of Mr. Willey's Motion for Preliminary Injunction, entered in this action on the 18 [*sic*] day of September, 2020." The docket sheet reflects no entry for that or any adjacent date.

In her brief on appeal, the district attorney correctly asserts that we are without appellate jurisdiction. Willey asserts jurisdiction under 28 U.S.C. § 1292(a)(1), which allows appeals from "[i]nterlocutory orders of the district courts . . . refusing . . . injunctions . . . ." But the district court has yet to rule. Willey urges that "the district court's decision to delay Willey's motion for a preliminary injunction is effectively a denial of that motion under the circumstances of this case." Willey accurately cites old precedent from this court saying that, in limited circumstances, a delay in ruling is tantamount to denial. *See Gray Line Motor Tours, Inc. v. City of New Orleans*, 498 F.2d 293, 296 (5th Cir. 1974); *United States v. Lynd*, 301 F.2d 818, 822 (5th Cir. 1962).

> The general rule is that
>
> [a]ppeal cannot be achieved simply by asserting that the trial court has failed to act as promptly as wished by a party seeking an injunction. Adequate time must be allowed for reasoned consideration and disposition in light of the complexities of the case, the urgency of preliminary relief as a means of preserving the opportunity for effective permanent relief, and competing docket demands. The trial court, moreover, must bear primary responsibility for managing these problems as matters of discretion. Jurisdiction should be asserted only on a strong show-

No. 20-20495

ing of apparent need.

16 CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3924.1, at 181 (3d ed. 2012). That general practice obtains here.

There is nothing untoward about the district court's plenary consideration of an issue of first impression regarding the constitutionality of a significant state statute. We trust that the court will rule as soon as practicable. Nor, at this stage, has Willey shown exigency. As the district attorney points out, "[t]he political speech that is being restrained is Willie's uninvited solicitation of criminal defendants *who are already represented by counsel.*" (Emphasis in original.)

We express no view on how long the district court can wait to rule before its delay confers appellate jurisdiction. Nor do we opine or even hint as to the ultimate merits of Willie's contentions. We only know that at this point in the proceedings, appellate jurisdiction is wanting. The appeal is DISMISSED.