IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| ANDREW WILLEY, <br><br> Plaintiff, <br><br> v. <br><br> THE HARRIS COUNTY DISTRICT ATTORNEY, in her official capacity, <br><br> Defendant. | ) ) ) ) ) ) ) Case No. 20-CV-1736 ) ) ) ) ) ) ) |

**MOTION FOR AN IMMEDIATE RULING ON PENDING MOTION FOR PRELIMINARY INJUNCTION OR ALTERNATIVELY TO RECUSE**

On May 18, 2020, Plaintiff Andrew Willey moved this Court for a preliminary injunction against enforcement of Section 38.12(d)(2)(B) of the Texas Penal Code absent proof that the solicitation forbidden by that section was motivated by pecuniary gain. (Doc. 2.) On August 3, this Court held a hearing at which it requested additional information before ruling on the motion. (Doc. 24.) Willey provided that information. (Doc. 28.) On August 28, Willey averred that if the Court did not rule soon Willey would suffer further concrete, practical, and irreparable harm. (Doc. 30.) Defendant, the Harris County District Attorney, did not oppose Willey's request for an expedited ruling and did not contest (at any point in the case) his evidence of irreparable harm. Still, this Court not yet ruled on the motion. Willey re-urges his request that his motion for a preliminary injunction be granted immediately.[1]

Still it appears, from the Court's failure to rule on Willey's motion for a preliminary injunction to date, that the Court has either concluded that Willey has not stated irreparable harm sufficient to justify the relief that he urgently seeks or that the Court's workload is such that it cannot rule on the pending motions within the time Willey believes is necessary to protect his rights. All Willey asks for now is a prompt ruling so that he may order his affairs in accordance with the law. Willey can envision two paths to that ruling, both of which he believes will not significantly burden the Court's docket. First, this Court can issue a formal ruling denying Willey's preliminary-injunction motion. Willey, of course, objects to the substance of that

---

[1] The District Attorney opposes this request.

denial, but if that is the Court's decision he asks that the Court formalize it so that he may seek appellate review. Alternatively, the Court can recuse—for the reasons raised in Willey's pending motion to recuse (Doc. 27), for reasons of docket management, or for no stated reason at all—such that the case will be reassigned to another judge in this district for prompt resolution.

        Respectfully submitted,

        */s/ Charles Gerstein*
        Charles Gerstein
        *Attorney in Charge*
        (S.D. Tex. Bar No. 2998395)
        Gerstein Harrow LLP
        611 Pennsylvania Ave SE, No. 317
        Washington, DC 20003
        charlie@gerstein-harrow.com
        (202) 670-4809

        */s/ Nathan Fennell*
        Nathan Fennell
        (S.D. Tex. Bar No. 3547280)
        Texas Fair Defense Project
        314 E Highland Mall Blvd, Suite 204
        Austin, TX 78752
        nfennell@fairdefense.org
        (512) 637-5220